CATHARINE PALCHESKI, as Administratrix, etc., of JOSEPH PAL-
CHESKI, Deceased, Appellant, *v.* THE BROOKLYN HEIGHTS RAILROAD
COMPANY, Respondent.

*Negligence — in the absence of all proof as to the manner in which a death happened
no recovery can be had.*

In an action to recover damages, resulting from the death of the plaintiff's intes-
tate, the plaintiff's evidence tended to establish that the intestate had been
employed as a man-of all-work about the defendant's power house for a period
of several months, and that on the day of the accident he was directed to assist,
temporarily, in operating a coal conveyor; that after filling the position for
eight or ten hours he was caught in the endless chain of the conveyor and
drawn under a filler, receiving the injuries which resulted in his death. There
was some evidence that two of the buckets had been removed from the end-
less chain, and that where the chain came up through the floor there was a
larger space, some twenty or more inches square, between the floor and the
chain than would have been there if the bucket were in place, and that it was
unguarded. No one saw the accident, and there was an absolute absence of
evidence as to the manner in which it happened.

*Held,* that the complaint was properly dismissed;

That it was not enough to show that the defendant had neglected to do some-
thing which a prudent employer should have done, but that it must be also
shown that the intestate's death resulted therefrom;

That the plaintiff had not established freedom from contributory negligence on
the part of her intestate.

APPEAL by the plaintiff, Catharine Palcheski, as administratrix,
etc., of Joseph Palcheski, deceased, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Kings on the 4th day of November, 1901,
upon the dismissal of the complaint by direction of the court after
a trial at the Kings County Trial Term.

*James C. Van Siclen,* for the appellant.

*I. R. Oeland* and *George D. Yeomans,* for the respondent.

WOODWARD, J.:

This action was brought, under the provisions of section 1902 of
the Code of Civil Procedure, to recover damages for the alleged
killing of plaintiff's intestate. The complaint was dismissed, on
motion of the defendant, at the close of plaintiff's evidence, on the
grounds that no negligence was proven on the part of the defend-

ant and that there was no evidence of freedom from contributory negligence on the part of plaintiff's intestate. Under these circumstances, the plaintiff is entitled to the most favorable construction which might be put upon the evidence by a jury; but even in this light we find no ground for reversal of the judgment. The evidence establishes that the plaintiff's intestate had been employed as a man-of-all-work about the power house of the defendant for a period of several months; that on the 14th day of March, 1898, he was called upon to take the place of one Samuel Drake, who had been employed for several years in operating, or in assisting to operate, a coal conveyor or filler, and that on the fifteenth day of March, after having filled this position for eight or ten hours, he was caught in the endless chain of the conveyor and drawn under a filler, receiving the injuries which resulted in his death. No one saw the accident, and there is an absolute absence of evidence as to the manner in which the deceased met with the casualty. There was some evidence that the endless chain, which carried a number of buckets, used to elevate the coal which was dropped into them from a filler as the buckets came along, had been deprived of two of its buckets, and that where the chain came up through the floor there was a larger space between the floor and the chain than would be there if the buckets were in place, but there is no evidence that this was the proximate, or even the remote, cause of the accident, and the same may be said of the evidence that the hole, some twenty or more inches square, was unguarded. It is not enough to show that an employer has neglected to do something which he ought as a prudent man to do; it must be shown that the injury resulted from the neglect of a duty which he owed to the plaintiff's intestate, and in the absence of such evidence the plaintiff has failed to prove her cause of action.

The case is equally devoid of evidence of lack of contributory negligence. While the courts of this State are disposed to accept very slight evidence where the injuries have resulted in death and the circumstances are such that direct evidence is impossible, we know of no instance in which a recovery has been permitted where there were no facts or circumstances from which a jury might reasonably draw the inference that the deceased had exercised reasonable care. All that is known in this case, so far as the evidence

discloses, is that plaintiff's intestate was killed about eleven o'clock in the forenoon of March 15, 1898, while engaged in filling the position made temporarily vacant by the illness of Mr. Drake. There is no evidence that the deceased was not familiar with the place and with the work; no evidence that he was not instructed in his duties and warned of the danger to be anticipated, and, in fact no ground on which the defendant may be held to be liable for the injuries sustained by plaintiff's intestate.

We think, however, that this was not intended by the learned court at Trial Term to be a dismissal "upon the merits," as stated in the judgment, and that the judgment should be modified by striking out those words, and as modified affirmed.

All concurred.

Judgment modified in accordance with the opinion of WOODWARD, J., and as modified affirmed, without costs.