WEBB v. D. O. HAYNES & CO.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. SERVANT—WRONGFUL DEATH—NONSUIT.

Judgment of nonsuit was proper in an action for the death of an elevator employé where it merely appeared that after he had run the elevator a week his fellow workman heard a groan, and found him crushed between the floor and the car, and he only lived long enough to say that he did not know how the accident happened, and plaintiff's own witnesses testified that he had been given instructions, and it was shown that if they had been followed the injury would not have happened.

Appeal from trial term, Queens county.

Action by Carrie L. Webb, as administratrix of Robert H. Webb, deceased, against D. O. Haynes & Co. Judgment dismissing plaintiff's complaint at the close of her evidence, and she appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George W. Schoonmaker, for appellant.

Raymond S. White (Roger S. Baldwin, on the brief), for respondent.

WOODWARD, J. This is a judgment of nonsuit, and the plaintiff is entitled to the most favorable inferences which may be drawn from the evidence, but this liberal rule does not open the way to a reversal of the judgment. Plaintiff's intestate was killed while operating an elevator for the defendant. The theory of the plaintiff is that her intestate was killed because of the fact that he was put at work running an elevator for which he had not been properly prepared by instructors, but the evidence does not show that he was not adequately instructed in the operation of a comparatively simple piece of machinery, or that his death was due in any measure to his lack of knowledge in this respect. All that is known is that after operating the elevator for a period of about one week some of his fellow employés heard a cry or a groan, and on running to the elevator found him crushed between the floor and the car of the elevator; the injuries resulting in his death. No one saw the accident, and plaintiff's intestate lived only to say, in answer to the question how it happened, that he did not know. There was no evidence that the elevator was defective or out of repair, and there were no facts or circumstances developed by the evidence from which an inference could be drawn that the deceased was free from contributory negligence, or that the accident was a result of any alleged lack of instruction. On the contrary, the plaintiff's own witnesses testify that the deceased was given instruction in the management of the elevator by a competent engineer, and by a fellow employé who was accustomed to the operation of machinery, and it was not disputed that where the elevator was managed in the manner pointed out by these instructors it was perfectly in the control of the operator. The case is one which is nearly analogous with that of Palcheski v. Railroad

Co., 69 App. Div. 440, 74 N. Y. Supp. 387, and it would have been entirely improper to permit the jury to speculate upon the matters which might have been suggested, but which were not proved by the evidence.

The judgment appealed from should be affirmed, with costs. All concur.